UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERIC SLATER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 1:14cr31

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Petitioner Eric Slater's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. (Docs. 42, 45).[1] The United States filed a Response. (Doc. 50). Petitioner filed a Reply. (Doc. 53). The United States was then granted leave to file a Sur-Reply. (Doc. 55). For all the reasons indicated herein, the Court **DENIES** Petitioner's Section 2255 Motion.

**I.    BACKGROUND**

On April 19, 2011, Petitioner plead guilty to violations of 21 U.S.C. § 841(a) and (b)(1)(B) (Possession with Intent to Distribute More than 500 Grams of Cocaine) and 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime). (Doc. 24). On August 18, 201, this Court sentenced Petitioner and entered final judgment. (Docs. 30, 31). Petitioner did not file an appeal.

---

[1]Petitioner originally filed his Motion on November 6, 2019. (Doc. 42). However, the motion was not signed and this Court ordered Petitioner to file a corrected pleading. (Doc. 44). Petitioner re-filed his motion with his signature on December 27, 2019. (Doc. 45). The Court will use the November 6, 2019 date in its discussion.

.

On November 6, 2019, Petitioner filed a *pro se* 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 42; see also Doc. 45). Petitioner argues that the United States' decision to enhance his sentence on the drug-trafficking count by filing a notice of a predicate drug-trafficking offense under 21 U.S.C. § 851 is contrary to Department of Justice policy outlined in a memorandum issued by Attorney General Eric Holder on August 12, 2013. Petitioner also argues his sentence should be corrected based upon the decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) because his 1997 state convictions for violations of Ohio Revised Code § 2925.03(A) cannot serve as predicates for a § 851 enhancement.

The United States responds that Petitioner's claims are untimely, and there is no basis to toll the limitations period. Alternatively, the United States maintains that Petitioner's claims fail on the merits.

## II. APLLICABLE STANDARDS

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir.), *cert. denied*, 535 U.S. 967 (2001)).

A one-year statute of limitations applies to the filing of a § 2255 motion. 28 U.S.C. § 2255(f). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir.

2004). Therefore, Petitioner's conviction became final on September 1, 2011, which is fourteen days after this Court entered his judgment of conviction and sentence. *See* Fed. R. App. P. 4(b)(1)(A). As a result, Petitioner's time for filing a § 2255 motion expired one year later on September 1, 2012. Petitioner did not file his § 2255 motion until November 6, 2019. However, under § 2255(f)(3), a prisoner may file a habeas application within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

### III. ANALYSIS

#### A. Attorney General Memorandum

Petitioner argues that based on a memorandum issued by Attorney General Eric Holder on August 12, 2013, it was not appropriate for the U.S. Attorney's Office to seek an enhancement of his sentence under 21 U.S.C. § 851.[2] The memorandum advised prosecutors that they should decline to file an information pursuant to 21 U.S.C. § 851 unless the facts of the case showed that it was "appropriate for severe sanctions."[3] The memorandum sets forth six factors which prosecutors should consider when determining whether an enhancement is appropriate. Petitioner maintains that based on these factors, the § 851 enhancement did not apply to his sentence.

---

[2]The U.S. Attorney filed an Information under 21 U.S.C. § 851 giving notice that, if Petitioner were convicted of either Count Two or Count Five of the Superseding Indictment, the government would rely on Petitioner's previous convictions for Trafficking in Cocaine in violation of Ohio Revised Code § 2925.03(A) to increase the statutorily authorized punishment for a violation of 21 U.S.C. § 841(a)(1). (Doc. 22).

[3]*See* "Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases," U.S. Department of Justice (Aug. 12, 2013), available at https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/ag-memo-department-policypon-chargingmandatory- minimum-sentences-recidivist-enhancements-in-certain-drugcases.pdf (last accessed April 28, 2021).

However, even if the memorandum could support Petitioner's claim, the one-year clock for this claim would have expired on August 12, 2014, one year from the date it was issued. Because Petitioner did not file his § 2255 motion until November 6, 2019, this claim is barred by the one-year statute of limitations.

**B. *Mathis v. United States*, 136 S. Ct. 2243 (2016)**

Petitioner argues that under *Mathis v. United States*, 136 S. Ct. 2243 (2016) his conviction for Trafficking in Cocaine in violation of Ohio Revised Code § 2925.03(A) cannot qualify as a predicate offense for enhancement because its elements are broader than those of the listed generic offense.

In *Mathis*, the Supreme Court analyzed whether an Iowa burglary conviction qualified as a "violent felony" under the ACCA, and in doing so, the Supreme Court clarified the proper application of the categorical and modified categorical approaches. 136 S. Ct. at 2248-49; 18 U.S.C. § 924(e)(2)(B)(ii). However, the Sixth Circuit has concluded that *Mathis* did not announce a new rule of constitutional law, but merely interpreted the statutory word "burglary" in the ACCA. *In re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017). Moreover, *Mathis* was decided on June 23, 2016. The one-year filing period for seeking relief would have expired no later than June 23, 2017. Petitioner did not file his § 2255 motion until November 6, 2019.

Therefore, Petitioner is not entitled to relief under *Mathis,* and Petitioner's § 2255 motion is not timely under 28 U.S.C. § 2255(f)(3). *Accord Goins v. United States*, No. 16-6826, 2017 WL 6546952, at *1 (6th Cir. June 26, 2017).

4

## C. Equitable tolling

In his motion itself, Petitioner recognizes that his § 2255 motion is procedurally barred, but asks this Court to toll the limitations period because he: "is not familiar with the law, procedures and filing requirements, and thus accordingly required the assistance of an inmate in the preparation of his motion." Petitioner explains further that he is "[w]ithout legal resources to hire legal counsel," and he "only recently found an inmate who would assist him." (Doc. 45, PageID 140).

Equitable tolling is rarely granted and "is evaluated on a case-by-case basis, with the petitioner having the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations omitted). "A petitioner is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010)).

Petitioner did not file his § 2255 motion until November 6, 2019—a little over eight years after his original judgment became final, five year after the memorandum was issued by Attorney General Eric Holder, and two years after *Mathis* was decided. Therefore, Petitioner has not shown that he has been pursuing his rights diligently. Petitioner also has not shown that some extraordinary circumstance stood in his way to prevent timely filing. Ignorance of the law is not a sufficient basis for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Similarly, failing to secure a

jailhouse lawyer is a "garden variety excuse[ ] that do[es] not suffice to establish 'that some extraordinary circumstance stood in his way' and prevented timely filing." *United States v. Hathorn*, No. 1:12-CR-50, 2016 WL 4462612, at *3 (W.D. Mich. Aug. 24, 2016) (quoting *Holland*, 560 U.S. at 655); *see also Howell v. United States*, No. 12-2865-STA-TMP, 2015 WL 3407217, at *5 (W.D. Tenn. May 26, 2015) (lack of sophistication with the legal system and need to seek help from another inmate are not sufficient to constitute an extraordinary circumstance to excuse petitioner's late filing).

Petitioner also argues that denying his § 2255 motion as procedurally barred runs counter to Congress' intent in passing the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. However, the First Step Act was enacted on December 21, 2018, which is more than six years after Petitioner was sentenced. The limited retroactivity of the First Step Act does not apply to Petitioner. *Accord United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 1237, 206 L. Ed. 2d 227 (2020) (explaining that "the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment.'") (quoting Pub. L. No. 115-391, 132 Stat. 5194, § 401(c)). Therefore, the First Step Act does not provide a basis for considering Petitioner's § 2255 motion.

Finally, Petitioner maintains that he was unaware of the § 851 enhancement before sentencing. It is not clear how this would entitle Petitioner to equitable tolling. Moreover, there is evidence in the record that Petitioner was aware of the § 851 enhancement. At Petitioner's change of plea hearing, before Petitioner plead guilty, the Court had the following discussion with Petitioner:

> THE COURT: The Court further advises you that the mandatory minimum penalty provided by law for these charges, as I mentioned, is ten years --

6

> five years to life and five years on count one, and ten years on count two. So it looks like you're facing a total of 15 years' mandatory minimum sentence. Do you understand that?
>
> THE DEFENDANT: Yes.

(Doc. 38, PageID 102). At sentencing, Petitioner explained that he thought that the United States was "not going to use the 851 against me." (Doc. 37, PageID 85). However, not only was the mandatory minimum explained in open court at the plea hearing, but the plea agreement itself explains that the minimum sentence for the violations of 21 U.S.C. § 841(a) and (b)(1)(B) is ten years in prison "[b]ecause Slater had a prior conviction for felony drug offense." (Doc. 23, PageID 41-42).

Based on the foregoing, Petitioner has not demonstrated that he is entitled to equitable tolling, and therefore his Motion to Correct Sentence is untimely.

## IV. CONCLUSION

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court. Accordingly, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Docs. 42, 45) is **DENIED.**

Further, the Court will not issue a certificate of appealability in this case. When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id*. at 484. This Court concludes that no jurists of reason could find its procedural ruling to be debatable, and therefore no appeal is warranted.

**IT IS SO ORDERED.**

                */s/ Michael R. Barrett*
                Michael R. Barrett, Judge
                United States District Court